

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# Wiggins v. Donio

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wiggins v. Donio" (2007). *2007 Decisions*. Paper 571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-325                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1301

LEROY WIGGINS,

Appellant,

v.

JUDGE MICHAEL A. DONIO, Superior Court Judge of Atlantic County; JEFFREY S.
BLITZ, Prosecutor of Atlantic County, in their individual and official capacity

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 07-cv-00104)
District Judge:  Honorable Renee Marie Bumb
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 26, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed August 17, 2007)
_____

OPINION
_____

PER CURIAM

    Leroy Wiggins appeals from the order of the United States District Court for the

District of New Jersey sua sponte dismissing his in forma pauperis complaint for failure

to state a claim.  Because we conclude that this appeal lacks an arguable basis, we will

dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Wiggins, a New Jersey state inmate, submitted a complaint under 42 U.S.C. § 1983 together with supporting exhibits. He named as defendants Judge Michael A. Donio, Superior Court Judge of Atlantic County, and Jeffrey S. Blitz, the Atlantic County Prosecutor. Both were sued in their individual and official capacities.

In 1994, an Atlantic County jury found Wiggins guilty of various drug, firearm, and theft offenses. The Atlantic County Superior Court sentenced Wiggins as a "persistent offender," and he received an aggregate sentence of 30 years' imprisonment with 15 years of parole ineligibility. On or about November 30, 2006, Wiggins filed in the Superior Court a collateral motion to correct an illegal sentence under New Jersey Court Rule 3:22. In his supporting brief, Wiggins argued that his current sentence violated his constitutional rights under Blakely v. Washington, 542 U.S. 296 (2004), and that the New Jersey Supreme Court's ruling in State v. Natale, 878 A.2d 724 (N.J. 2005), deciding that Blakely was a "new rule of law" inapplicable on collateral review, was itself contrary to the holding in Blakely. (Pl.'s Ex. A.) In an order filed on December 8, 2006, Judge Donio denied "Defendant's Motion for Post Conviction Relief and Correction of an Illegal Sentence." (Pl.'s Ex. Da2.) Judge Donio explained this summary denial in an accompanying letter opinion. The letter opinion stated that the current motion "merely reiterates the same arguments that you made before" in two motions for post-conviction

relief that the Superior Court had rejected and that therefore "your contention that you are entitled to resentencing under Natale is without merit" for the reasons already provided in its prior decisions. (Pl.'s Compl. Ex. Da1.)

In his § 1983 complaint, Wiggins alleged that Judge Donio, in a conspiracy with Blitz, violated his federal constitutional rights and state law by denying his post-conviction motion for correction. Judge Donio allegedly committed perjury in the letter opinion by misrepresenting the grounds of Wiggins's motion. Wiggins allegedly "never sought to be resentenced under Natale," which he had attacked as contrary to Blakely's holding. (Compl. at 7.) Judge Donio also allegedly acted not as a judge but as an attorney for the State because he failed to consider whether to appoint counsel and then dismissed Wiggins's motion before Blitz had filed any response. According to Wiggins, Blitz conspired with Judge Donio by failing to file an answer or motion to dismiss after his post-conviction motion was served. Wiggins claimed that the two defendants violated the Sixth, Eighth, and Fourteenth Amendments, the Supremacy Clause, as well as the "procedures, rules, customs, ordinances and usage of the State of New Jersey." (Compl. at 8.) Wiggins requested a "mandatory injunction to [en]force his Rights under Law." (Compl. at 10.)

On January 16, 2007, the District Court granted Wiggins's application for in forma pauperis status and dismissed his complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. The District Court found that any remedy would necessarily imply the invalidity or modification of his current sentence and

3

that his claims therefore were not cognizable under § 1983. Wiggins timely appealed. The Clerk granted Wiggins in forma pauperis status on appeal, and Wiggins filed a motion for appointment of counsel.

## II.

Because Wiggins is proceeding in forma pauperis, we must determine whether this appeal should be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i). We will dismiss the appeal because it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed the complaint without prejudice because the claims necessarily called into question the validity and duration of Wiggins's current criminal sentence. A party may not bring a § 1983 claim if success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Wiggins claimed that his rights were violated when Judge Donio denied his motion to correct his sentence under Blakely. But by directly attacking a Superior Court decision denying a motion for post-conviction relief, Wiggins essentially challenged the otherwise valid sentence that he is currently serving. "[W]hen a state prisoner is challenging the *very fact or duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to *immediate release or a speedier release* from that imprisonment, his sole federal remedy is a writ of

4

habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (emphasis added).

Given that the success of Wiggins's § 1983 claims would necessarily imply the invalidity

of his present sentence, the District Court appropriately dismissed them as barred.

III.

Due to the lack of an arguable basis for the appeal, we will dismiss it pursuant to §

1915(e)(2)(B). We will likewise deny Wiggins's motion for appointment of counsel.

See, e.g., Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (stating that "threshold" for

appointment of counsel was whether claim had arguable merit).